José J. Acosta y Acosta, Petitioner and Appellant, *v.* Pension Board, etc., Respondent and Appellee.

No. 5453. Argued March 19, 1931.—Decided July 31, 1931.

*Juan B. Soto* for appellant. *James R. Beverley, Attorney General,* and *R. Cordovés Arana, Assistant Attorney General,* for appellee.

Mr. Justice Hutchison delivered the opinion of the Court.

José J. Acosta applied for a pension under section 9 of the Law. His application was filed more than a year and a half after the expiration of his term of office as a district attorney. The pension board refused to allow him a pension because he was not in active service at the time of his application. The district court dismissed a petition for a mandamus.

Sections 3 and 9 of the Pension Law (Sess. Laws, 1925, pp. 950 and 956) read in part as follows:

"Section 3.—Retirement shall be allowed with a life pension by reason of age, physical disability of the officer or employee or length of service rendered, under the following rules: . . . . *Provided,* That persons not in active service at the time of their application for a pension shall have no right thereto."

"Section 9.—If an officer or employee of forty or more years of age, to whom this Act is applicable, after having served for a total period of not less than fifteen years and before he is entitled to retire, is involuntarily separated from the service for any reason except removal from the classified or unclassified Civil Service, such officer or employee shall be entitled to an annual life pension . . . "

The argument for appellant is, in substance, that the requirement of the proviso in section 3 does not apply to

cases arising under section 9 because the right to a pension in the event of involuntary separation from the government service accrues only after such separation. It is proverbial that, as a general rule, "coming events cast their shadows before." Public officers usually continue in active service, or may do so, even after the expiration of their term of office and until a successor has been appointed and has qualified. If the case of a district attorney be an exception to this general rule, it is by reason of the law authorizing his appointment (Comp. St. 1911, sec. 1285), and petitioner knew that his commission would "cease and expire" at the expiration of his term of office.

Perhaps it would have been more just, equitable, and reasonable not to require of a candidate for re-appointment, who desires to apply for a pension in the event of the failure to obtain such re-appointment, that he file his application for a pension before the question of re-appointment is decided. That, however, was and is a question for the Legislature, not for the pension board, nor for the courts. The law does not forbid the making of an application before the involuntary separation has occurred, and in anticipation thereof. On the contrary the proviso of section 3, in the absence of any clear indication of a legislative intention in section 9 to establish a different rule in cases of involuntary separation, means that in such cases the application must be made before the actual separation from the service, in order that the board may act upon the same when the time arrives. In other words, it is a condition precedent to the granting of a pension under section 9 that the applicant shall have been separated from the service, but by the plain terms of the proviso it is also a condition precedent that he shall have been in active service at the time of his application. These two conditions are not necessarily incompatible. Effect may and must be given to both.

The judgment appealed from must be affirmed.

The Chief Justice and Mr. Justice Texidor took no part in the decision of this case.